**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Tony Richard PADILLA, Defendant— Appellant.**

No. 02–50183.

D.C. No. CR–01–00288–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2003.

Decided June 10, 2003.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before REINHARDT, O'SCANNLAIN, and FISHER, Circuit Judges.

## MEMORANDUM *

Appellant Tony Richard Padilla was indicted on one count of robbing the 855 South Hill Street branch of Washington Mutual Bank, in violation of 18 U.S.C. § 2113(a). A jury found Padilla guilty, and he appeals. We affirm the judgment of the district court.

Padilla first argues that the district court erred by admitting into evidence a crime alert flyer with his picture because the evidence was irrelevant and prejudicial. Assuming, arguendo, that the admission of the flyer constituted error, reversal is warranted only if the error was not harmless. *See United States v. George*, 56 F.3d 1078, 1083 (9th Cir.1995). Here, the Government's evidence, including the eyewitness identification testimony of the particular teller from whom Padilla received the bank's money, and photos of him inside the bank at the time of the robbery, as well as Padilla's admission that he was in the bank, was substantial enough to demonstrate that any erroneous admission was harmless.

Second, Padilla argues that the district court erred in allowing testimony about the Los Angeles Police Department's general practices in investigating bank robberies. In limited circumstances, we recognize that a party's attempt to establish a misleading inference "opens the door" to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

allow the admission of otherwise inadmissible testimony by the other party to correct that inference. *See, e.g., United States v. Beltran–Rios,* 878 F.2d 1208, 1211 (9th Cir.1989). Here, Padilla did precisely that. By placing directly at issue whether or not the questioning of potential witnesses other than Ms. Portillo had ever taken place in this robbery investigation, Padilla "opened the door" to the government's rebuttal evidence. Allowing the testimony, therefore, was not error.

For the foregoing reasons, the judgment of the district court is AFFIRMED.